IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 7, 2019

**STATE OF TENNESSEE v. KATELYN BATEMAN**

**Appeal from the Circuit Court for Cheatham County**
**No. 17964      Larry J. Wallace, Judge**

_____

**No. M2018-01933-CCA-R3-CD**

_____

The Defendant, Katelyn Bateman, appeals as of right from the Cheatham County Circuit Court's order revoking her community corrections sentence and ordering the Defendant to serve the remainder of her sentence in confinement. The Defendant argues that the trial court abused its discretion in ordering the sentence served in confinement rather than permitting a furlough to the drug court program. Following our review, we affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. THOMAS T. WOODALL, J., not participating.

William ("Jake") Bradley Lockert III, District Public Defender; and Matthew T. Mitchell, Assistant District Public Defender, for the appellant, Katelyn Bateman.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Wendell Ray Crouch, Jr., District Attorney General; and David W. Wyatt, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On October 3, 2016, the Defendant pled guilty to two counts of selling a Schedule II controlled substance (Oxycodone and Oxymorphone). In exchange, she received concurrent terms of three years as a Range I, standard offender, and her three-year effective sentence was to be suspended and served on supervised probation. She was also ordered to pay a fine, restitution, and court costs. The trial court revoked the Defendant's probation on July 25, 2017, for "resisting arrest, public intox[ication], fail[ure] to report arrest[s], failure to report, [and] failure to pay c[ourt] c[osts] and restitution." The new

arrests listed in the two probation violation warrants consisted of public intoxication in Cheatham County on April 12, 2017; public intoxication and resisting arrest in Davidson County on June 10, 2017; and additional arrests in Cheatham County for public intoxication, drug possession without a prescription, possession of drug paraphernalia, and misdemeanor failure to appear. After her probation was revoked, the Defendant was placed in the Community Corrections Program for supervision.

A violation of community corrections warrant was issued on March 27, 2018, wherein it was alleged that the Defendant failed to inform her community corrections officer before changing her residence, failed to carry out certain instructions given to her by her community corrections officer, failed a drug screen by testing positive for marijuana and an opiate, and failed to remain on house arrest. The Defendant admitted the violations, and her community corrections sentence was partially revoked on May 29, 2018. The trial court resentenced the Defendant to four years and ordered her to serve ninety days in the county jail before being released to level one community corrections supervision.

On July 9, 2018, another revocation warrant was issued. This time the Defendant was alleged to have failed to report to her community corrections officer and to have used intoxicants in violation of her conditions of supervision. Regarding the use of intoxicants, it was stated in the warrant that the Defendant was administered a drug test on June 21, 2018, and that she tested positive for methamphetamine and marijuana. According to the Defendant's community corrections officer, the Defendant also stated on her admission form that she had smoked marijuana ten to twelve days prior while she was still incarcerated in the county jail.

At a subsequent hearing, the Defendant admitted to violating the conditions of her community corrections sentence. In particular, the Defendant acknowledged that she had smoked marijuana while she was serving her ninety days in jail following her prior revocation. The Defendant stated that she "didn't know that [she] was going to be getting out" when she smoked marijuana. The Defendant explained that upon her release, she told her community corrections officer that she would test positive for marijuana. She claimed that she did not know that the marijuana was laced with methamphetamine and that methamphetamine was not her "drug of choice." According to the Defendant, her community corrections officer told her that they were "not going to move . . . forward with [her] community corrections, so" she quit reporting.

The Defendant asked to be granted a furlough to participate in the drug court program in order to receive treatment for her alcohol problem. According to the Defendant, she had applied to the drug court program on her initiative and had been admitted to that program. The Defendant claimed that she had not received any prior drug rehabilitation treatment and that she wanted to become a "sober, productive member

of society." However, the Defendant denied that she had a drug problem and claimed that her only addiction was to alcohol. In addition, the Defendant admitted that her sentence had been previously revoked and that this was the third occasion in which she had violated the conditions of her supervision.

The trial court denied the Defendant's request to receive treatment through the drug court program and fully revoked the Defendant's sentence, ordering the balance of her four-year sentence be served in confinement. The trial court noted its belief that the Defendant had been given "ample opportunities." She now appeals.

ANALYSIS

In a rather brief argument, the Defendant contends that the trial court abused its discretion in ordering her sentence into execution because "the sentence imposed was not the least severe measure necessary," and she requests "an opportunity to be furloughed to drug court." The State responds that the record supports the trial court's decision.

The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within the sound discretion of the trial court. Id. An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82).

The community corrections program was created as an alternative to incarceration that provides flexibility and promotes accountability, while reducing the number of "nonviolent felony offenders" in the state prison system. Tenn. Code Ann. § 40-36-104; see also State v. Estep, 854 S.W.2d 124, 126-27 (Tenn. Crim. App. 1992) ("[T]he community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal purposes."). While the program provides defendants with freedom that would otherwise be removed if the defendant had been incarcerated, there are specific remedies available to the trial court to ensure that those who fail to comply with the program are sufficiently penalized for their noncompliance. See Tenn. Code Ann. § 40-36-106(e)(4).

Pursuant to Tennessee Code Annotated section 40-35-311(e), the trial court is required only to find that the violation of a community corrections sentence occurred by a preponderance of the evidence. Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence. See Tenn. Code Ann. § 40-36-106(e). The trial court

may then "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4).

The trial court needed only to find that a revocation of the Defendant's sentence was warranted by a preponderance of the evidence. The Defendant does not dispute that she violated the terms of her community corrections sentence. The Defendant tested positive for methamphetamine and marijuana immediately after being released from the county jail on her prior violation. The Defendant attempted to explain her behavior by stating that she "didn't know that [she] was going to be getting out" when she smoked marijuana and that the marijuana she smoked had been laced with methamphetamine. The Defendant asked the trial court to give her another chance and grant her a furlough to receive treatment in the drug court program.

However, the Defendant testified that she did not have a drug problem and only needed treatment for her alcohol addiction despite her numerous drug-related arrests. Moreover, the Defendant acknowledged that her sentence had been previously revoked and that this was the third occasion in which she had violated the conditions of her supervision. The trial court aptly noted that the Defendant had been given "ample opportunities." This court has repeatedly held that "an accused, already on [a suspended sentence], is not entitled to a second grant of probation or another form of alternative sentencing." State v. Dannie Brumfield, No. M2015-01940-CCA-R3-CD, 2016 WL 4251178, at *3 (Tenn. Crim. App. Aug. 10, 2016) (quoting State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002). Because there was sufficient evidence that the Defendant violated the terms of her release, the trial court, pursuant to its discretionary authority, properly revoked the Defendant's community corrections sentence and ordered her to serve the balance of her four-year sentence in confinement. See e.g., State v. Fredrick R. Ross, Jr., No. M2016-02180-CCA-R3-CD, 2018 WL 1152005, at *5 (Tenn. Crim. App. Mar. 5, 2018) (holding that the trial court did not abuse its discretion in ordering the defendant to serve his sentence in confinement rather than placing him the drug court program).

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the trial court's order of incarceration is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-